1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10

| | |
|---|---|
| FREDERICK WAYNE SMITH, | CASE NO. 1:11-cv-00835-GBC (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| SECRETARY OF CDCR, et al., | Doc. 1 |
| Defendants. | / THIRTY-DAY DEADLINE |

11
12
13
14
15
16
17
18

**Screening Order**

**I. Procedural History, Screening Requirement, and Standard**

19       On May 23, 2011, Plaintiff Frederick Wayne Smith ("Plaintiff"), a state prisoner proceeding

20 pro se and in forma pauperis, filed this civil rights action filed this civil rights action pursuant to 42

21 U.S.C. § 1983. Doc. 1.

22       The Court is required to screen complaints brought by prisoners seeking relief against a

23 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

24 Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally

25 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

27 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

28 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1   claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2       A complaint must contain "a short and plain statement of the claim showing that the pleader

3   is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

4   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

5   do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell*

6   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge

7   unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While

8   factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

9       While prisoners proceeding pro se in civil rights actions are still entitled to have their

10  pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is

11  now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must

12  demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v.*

13  *Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations

14  sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret*

15  *Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting

16  this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

17      Section 1983 provides a cause of action for the violation of constitutional or other federal

18  rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971

19  (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link

20  between the violation of his rights and an action or omission of the defendant. *Iqbal*,129 S. Ct. at

21  1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554,

22  570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may

23  only be held liable for misconduct directly attributed to him or her. *Iqbal*, 129 S. Ct. at 1949-50;

24  *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

25                          **II. Allegations in Plaintiff's Complaint**

26      In Plaintiff's complaint, he names Defendants Secretary of California Department of

27  Corrections and Rehabilitation ("CDCR"); K. Harrington, Warden; Captain L.L. Woods; Lieutenant

28  Henderson; Correctional Counselor II ("CCI") Lane; C. Wegman, Community Partnership Manager;

Rabbi Menachem Gottileib, Jewish Chaplain; C/O D. Grissom; and C/O R. Orasco. Compl. at 4, Doc. 1.

Plaintiff states that all allegations in this complaint arose at Kern Valley State Prison ("KVSP"). *Id.* at 5.[1] In May 2009, Plaintiff questioned CCI Lane regarding not being able to receive Kosher meals. *Id.* at 10. In July 2009, Plaintiff had an appeal hearing and explained that the original Jews in Africa 2000 years ago were from Black Hebrew Israelites from Ethiopia, who were enslaved by the Egyptians. *Id.* Jesus (Yahawa-Shi-Christ is the King and Savior, son of the most High God, Yahawah, who is creator of heaven and earth. *Id.* The lineage of Mary and Joseph goes back to Judah through Solomon / Queen of Sheba and King David. *Id.* at 10-11. CCI Lane told Rabbi Gottileib that Plaintiff is Black Guerrilla Family ("BGF") and a Blue Note Crip ex-gang leader. *Id.* at 11. CCI Lane told Plaintiff to show the Rabbi his two dragon and black panther tattoos. *Id.* Plaintiff explained that the tattoo means Jesus, son of the panther, and Revelation refers to Jesus as the lion of the tribe of Judah. *Id.* The Rabbi stated that if Plaintiff was a real Jew, he would not believe in Jesus. *Id.* The Rabbi conspired with CCI Lane to deny Plaintiff's kosher meals due to Plaintiff being a gang member. *Id.* at 12.

On April 4, 2005, a correction was done pursuant to Plaintiff's gang; he is a former member of "East Side Crips." *Id.* at 14. On January 20, 2009, there was a riot and Plaintiff did not participate in the riot, which is a violation of life in prison and as an active gang member. *Id.* In the later part of 2009, alleged Crip on Crip assaults took place. *Id.* at 15. The Crips were upset that inmate Cooks was allowed to come out but Plaintiff was not. *Id.* at 15-16. The Crips did not want to talk with inmate Cooks, they would only talk with Plaintiff. *Id.* at 16. Captain Wood[s][2] said he was receiving a lot of complaints about Plaintiff not being able to come out and represent the Crips. *Id.* at 17. Plaintiff was not coming out because his life was in danger and the Blood gang members and Muslims wanted Plaintiff stabbed. *Id.* Captain Wood asked Plaintiff if he wanted to go to the A or B yard and Plaintiff said yes. *Id.* at 18. Captain Wood said he would be moving Plaintiff to the A or

---

[1] Plaintiff is now incarcerated at Calipatria State Prison. Doc. 8.

[2] Plaintiff spells his name Woods in the caption and Wood in the context of the complaint.

1  B yard because he felt Plaintiff's life was in danger. Captain Wood asked Plaintiff if he wanted to

2  go to the A or B yard and Plaintiff said yes. *Id.* In March or April 2010, Plaintiff reported to Lt.

3  Henderson, who asked Plaintiff if he thought it was ok to let the Crips come off lockdown. *Id.* at 15.

4  Lt. Henderson told Plaintiff to walk through the general population and talk with the Crips to see the

5  status quo. *Id.* Plaintiff walked through the units and reported back to Lt. Henderson that the word

6  was the fighting was over. *Id.*

7         On May 27, 2010, Plaintiff was called to report to the law library. *Id.* at 12. Around 12:30

8  p.m., Plaintiff arrived and was searched by two officers using a pat-down search and the metal

9  detector. *Id.* Plaintiff asked C/O Grissom why Plaintiff and other inmates were being searched. *Id.*

10  C/O Grissom stated that staff think Plaintiff is going to get stabbed today and that is why inmates

11  are being searched and why they changed to route to get to the library. *Id.* C/O Grissom also stated

12  that staff had information that Plaintiff and inmate Cooks were in a dispute due to religion and MAC

13  politics. *Id.* at 13. C/O Grissom also stated that staff found notes from inmates of a possible "hit" on

14  Plaintiff. *Id.* At 13:30 hours, Plaintiff was stabbed 16-20 times with an ice pick and flat metal

15  weapon by two inmates. *Id.* No investigation of other weapons; no suspect; and Plaintiff was pepper

16  sprayed for no reason, which caused him to be stabbed in the lower eye. *Id.* At 1:30 a.m., Plaintiff

17  was served with a lock-up order, placing him in administrative segregation. *Id.* at 13-14. At this

18  point, Plaintiff became aware that inmate Cooks was suspected of stabbing Plaintiff and that there

19  was only one suspect and one weapon. *Id.* at 14. On May 28, 2010, Captain Wood said he was sorry

20  Plaintiff got stabbed and that he did not move Plaintiff because he did not believe Plaintiff was in

21  danger. *Id.* at 19. On June 1, 2010, Lt. Henderson said the word was Plaintiff was stabbed for being

22  a Jew, but Lt. Henderson believed Plaintiff was stabbed for telling inmates that inmate Cooks was

23  an informer. *Id.*

24         Plaintiff alleges failure to protect, conspiracy, and violations of due process, free exercise,

25  and access to courts. *Id.* at 23-24, 26, 28. For relief, Plaintiff seeks compensatory damages of

26  $50,000 for each defendant and punitive damages according to proof. *Id.* at 27.

27  //

28  //

### III. Legal Standard and Analysis for Plaintiff's Claims

### A. First Amendment Right to Free Exercise of Religion

The protection of the Free Exercise Clause of the First Amendment is triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith, *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008), while Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") prohibits prison officials from substantially burdening a prisoner's religious exercise unless the burden furthers a compelling governmental interest and does so by the least restrictive means, *Alvarez v. Hill*, 518 F.3d 1152, 1156 (9th Cir. 2009).

Plaintiff is required to allege sufficient facts to support a plausible claim for relief against each named defendant, which requires more than the mere possibility of misconduct. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969. Plaintiff alleges failure to provide kosher meals, but Plaintiff does not ask for injunctive relief and Plaintiff is no longer incarcerated at KVSP.

A prisoner's claim for injunctive relief against a prison for violation of RLUIPA based on a prison's refusal to provide him with kosher diet was rendered moot when prisoner was transferred to another prison without any prospect of return to the prior prison. RLUIPA, § 2 et seq., 42 U.S.C.A. § 2000cc et seq. *Shilling v. Crawford*, 377 Fed. Appx. 702, 704 (9th Cir. 2010). Furthermore, Plaintiff's "claims for damages were brought against defendants in both their official and individual capacities. State officials sued for damages in their official capacities are not 'persons' within the meaning of § 1983. *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997)." *Shilling*, 377 Fed. Appx. at 704. Rather, suits against them are no different than suits against the state itself, and the Eleventh Amendment bars such suits. *Id.* Thus, Plaintiff's claims against defendants in their official capacities is improper. *Id.* at 705. Moreover, the Ninth Circuit has not yet decided whether money damages for RLUIPA claims are available against state actors sued in their individual capacities. *Id.* A number of other circuits have answered that question in the negative. *See, e.g., Nelson v. Miller*, 570 F.3d 868, 885-89 (7th Cir. 2009); *Rendelman v. Rouse*, 569 F.3d 182, 187-88 (4th Cir. 2009); *Sossamon v. Texas*, 560 F.3d 316, 327-29 (5th Cir. 2009); *Smith v. Allen*, 502 F.3d 1255, 1272-73 (11th Cir. 2007). *Shilling*, 377 Fed. Appx. at 705. Therefore, this

1  Court also finds that Plaintiff cannot collect money damages for a violation of RLUIPA and
2  Plaintiff's claim fails.

3  **B. Conspiracy**

4  A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the
5  minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting
6  *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989)
7  (citation omitted)), and an actual deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059,
8  1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th
9  Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the
10 plan, but each participant must at least share the common objective of the conspiracy.'" *Franklin*,
11 312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).

12 The federal system is one of notice pleading, and the court may not apply a heightened
13 pleading standard to plaintiff's allegations of conspiracy. *Empress LLC v. City and County of San*
14 *Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005); *Galbraith v. County of Santa Clara*, 307 F.3d 1119,
15 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to
16 raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
17 555 (2007). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires
18 more than labels and conclusions, and a formulaic recitation of the elements of a cause of action .
19 . . " *Id.*

20 Although Plaintiff alleges that Rabbi conspired with CCI Lane to deny Plaintiff's kosher
21 meals due to Plaintiff being a gang member, this allegation is conclusory and there are no specific
22 facts supporting the existence of a conspiracy. *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010);
23 *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001). As such, a bare allegation that Defendants
24 conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim
25 under § 1983.

26 //

27 //

28 //

## C. Eighth Amendment Failure to Protect and Linkage

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farmer*, 511 U.S. at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. *E.g.*, *Farmer*, 511 U.S. at 847; *Hearns*, 413 F.3d at 1040.

Regarding the deliberate indifference prong of this analysis, a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. *See Farmer*, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.* This requires examination of the <u>subjective intent of the defendant</u>; that the prison official defendant acted with a "sufficiently culpable state of mind" and deliberate indifference to an inmate's health or safety. *See Farmer*, 511 U.S. at 834 (emphasis added). <u>Neither negligence nor gross negligence</u> will constitute deliberate indifference. *See id.* at 835-36 & n.4 (emphasis added); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Allegations in a pro se complaint sufficient to raise an inference that the named prison officials acted with deliberate indifference—i.e, that they knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it—states a "failure-to-protect" claim. *Hearns*, 413 F.3d at 1041–42. Plaintiff's complaint does not demonstrate that Defendants disregarded a substantial risk to Plaintiff's safety.

Plaintiff alleges that he was called to report to the law library. Compl. at 12. Around 12:30 p.m., Plaintiff arrived and was searched by two officers using a pat-down search and the metal detector. *Id.* Plaintiff asked C/O Grissom why Plaintiff and other inmates were being searched. *Id.*

C/O Grissom stated that staff think Plaintiff is going to get stabbed today and that is why inmates are being searched and why they changed to route to get to the library. *Id.* C/O Grissom also stated that staff had information that Plaintiff and inmate Cooks were in a dispute due to religion and MAC politics. *Id.* at 13. C/O Grissom also stated that staff found notes from inmates of a possible "hit" on Plaintiff. *Id.*

Although these allegations show that C/O Grissom was aware of a substantial risk to Plaintiff's safety, the allegations do not demonstrate that C/O Grissom disregarded the risk. According to Plaintiff's allegations, C/O Grissom conducted a pat down and metal detector search of all inmates entering the library. Moreover, C/O Grissom stated that they changed the route to get to the library to protect Plaintiff. Therefore, Plaintiff's allegations show that C/O Grissom took reasonable measures to abate the risk to Plaintiff.

In addition, Plaintiff alleges that Captain Wood should have moved Plaintiff. However, Plaintiff alleges that Captain Wood said he did not move Plaintiff because he did not believe Plaintiff was in danger. *Id.* at 19.

As to the remaining named Defendants, Plaintiff does not allege that they were aware of a substantial risk to Plaintiff and disregarded the risk.

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir.

2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff may not seek to impose liability on Defendants merely upon position of authority, based on vague or other conclusory allegations. Plaintiff fails to allege sufficient facts to support a plausible claim that they were aware of a substantial risk to Plaintiff and disregarded the risk.

Therefore, Plaintiff fails to state a cognizable claim against Defendants based upon Eighth Amendment failure to protect.

### D. Fourteenth Amendment Due Process / Gang Member / Affiliate Validation

Plaintiff was validated as a gang member / affiliate, but Plaintiff alleges he is no longer a gang member. It is unclear who Plaintiff is assessing as liable for his claim. There is no basis for liability against the appeals coordinators under these circumstances. *Ramirez*, 334 F.3d at 860; *Mann*, 855 F.2d at 640.

Next, Plaintiff has not identified a protected liberty interest with respect to remaining free from the validation, and Plaintiff has not identified any due process violations with respect to his validation.

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Wilkinson*, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. *Id.* The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, *id.* at 221-22, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, *id.* at 222-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995)). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Wilkinson*, 545 U.S. at 221 (citing *Sandin*, 515 U.S. at 484); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

If a protected interest is identified, the inquiry then turns to what process is due. *Wilkinson*, 545 U.S. at 224. The validation of gang members and affiliates is an administrative measure rather

than a disciplinary measure, and as a result, prisoners are entitled only to the minimal procedural protections of adequate notice, an opportunity to be heard, and periodic review. *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003). In addition to those minimal protections, there must be some evidence with an indicia of reliability supporting the decision. *Bruce*, 351 F.3d at 1287; *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987).

To state a claim, Plaintiff must demonstrate the existence of a liberty interest and thereafter link the denial of procedural due process to one or more defendants. Only those staff members personally involved in Plaintiff's validation without due process are properly named as parties.

Therefore, Plaintiff fails to state a cognizable claim against Defendants based upon Fourteenth Amendment Due Process / Gang Member / Affiliate Validation.

### E. First Amendment Right of Access to Courts

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011). The right of access to the courts is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis*, 518 U.S. at 354. To bring a claim, a prisoner must have suffered an actual injury by being shut out of court. *Christopher v. Harbury,* 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 351; *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009).

Plaintiff fails to state a claim against any Defendants for First Amendment right to access the courts. Plaintiff has not alleged sufficient facts which indicate that Plaintiff suffered an actual injury by being shut out of court.

### IV. Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 129 S. Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555.

Finally, an amended complaint supersedes the prior complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (reference to original and first amended complaints was precluded by doctrine that an amended pleading supersedes the original pleading). Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted;

2.    The Clerk's Office shall send Plaintiff a complaint form;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a **first amended complaint**; and

4.    If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    April 3, 2012

_____
UNITED STATES MAGISTRATE JUDGE