# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK WAYNE SMITH, | Case No. 1:11-cv-00835 DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |
| v. | |
| CDCR, et al., | (Document 20) |
| Defendants. | |

Plaintiff Frederick Wayne Smith ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff's March 11, 2013, First Amended Complaint is currently awaiting screening pursuant to 28 U.S.C. § 1915A(a).[1]

On August 19, 2013, Plaintiff filed a document entitled, "Emergency Injunction A Temporary Restraining Order."

**A.    LEGAL STANDARD**

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. Munaf v. Geren, 553 U.S. 674, 688–90 (2008) (citations and quotation omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 17 (2008) (citation and quotation omitted). The instant motion requires

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on October 11, 2011.

1

1  the court to determine whether Plaintiff has established the following: (1) he is likely to succeed on
2  the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the
3  balance of equities tips in his favor; and (4) an injunction is in the public interest.  Winter, 555 U.S.
4  at 17 (citation omitted).  "[S]erious questions going to the merits and a hardship balance that tips
5  sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements
6  of the Winter test are also met."  Alliance for Wild Rockies v. Cottrell, 632 F.3d. 1045, 1049-50 (9th
7  Cir.2010).

8  "A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter,
9  129 S.Ct. at 376.  An injunction may only be awarded upon a clear showing that the movant is
10  entitled to relief.  Id.

11  **B.    ANALYSIS**

12  Plaintiff's motion seeks proper medical care and religious meals from "Secretary Beard and
13  D. Paramo, Warden of Donovan State Prison" in San Diego.  Mot. 1.  It appears that Plaintiff was
14  transferred to Donovan State Prison on January 27, 2013, and since his transfer, he contends that he
15  has not received adequate medical care and/or Kosher meals.

16  The Court's jurisdiction, however, is limited to the parties before it *in this action* and to the
17  claims in Plaintiff's First Amended Complaint.  Plaintiff's First Amended Complaint relates to an
18  alleged failure to protect claim arising out of a May 27, 2010, attack while incarcerated at Kern
19  Valley State Prison.  See e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998)
20  ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-
21  or-controversy requirement, and the party invoking federal jurisdiction bears the burden of
22  establishing its existence.") (citation omitted); American Civil Liberties Union of Nevada v. Masto,
23  670 F.3d 1046, 1061-62 (9th Cir. 2012) ("[F]ederal courts may adjudicate only actual, ongoing cases
24  or controversies.") (citation and internal quotation marks omitted).

25  Accordingly, because Plaintiff seeks relief related to different events and different defendants
26  than those at issue in the First Amended Complaint, the Court does not have jurisdiction, *in the*
27  *context of this action*, to grant the relief requested.

28

1 | Plaintiff's motion is therefore DENIED.

IT IS SO ORDERED.

Dated:  **August 26, 2013**                    /s/ Dennis L. Beck
                                               UNITED STATES MAGISTRATE JUDGE